UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 05 B 54618 |
| | ) | Chapter 7 |
| JEFFERY ECKERT, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |

### ORDER

This matter comes before the Court on the motion filed by Gregory Steiner and Agristar Frozen Foods, Inc. (collectively the "Movants") for disgorgement of fees awarded to Freeborn & Peters LLP, as special counsel to David E. Grochochinski, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Jeffery Eckert (the "Debtor"). Freeborn & Peters LLP and the Trustee filed responses to the motion, and the Movants filed a reply in support thereof.

On July 31, 2009, the Court issued a Memorandum Opinion whereby it allowed interim fees to Freeborn & Peters LLP in the sum of $140,000. *See In re Eckert*, 414 B.R. 404 (Bankr. N.D. Ill. 2009). The Court arrived at this figure by allowing Freeborn & Peters LLP approximately one-half of the $282,247.13 that the Trustee was holding in the estate's account. *Id.* at 414. The $282,247.13 figure was taken from the latest annual report filed by the Trustee, as of December 31, 2008. Such fees were an interim award under 11 U.S.C. § 331 and may be adjusted appropriately at a later time and either decreased or increased. *See In re Taxman Clothing Co.*, 49 F.3d 310, 314 (7th Cir. 1995) ("all interim awards of attorney's fees in bankruptcy cases are tentative").

The parties now inform the Court that at the time of the Opinion in July 2009, the Trustee did not have $282,247.13 in the estate's account. Rather, the Trustee only held $235,759.03

-2-

because the $282,000 judgment was compromised down to $235,000 subsequent to the Trustee's annual filed report. Contrary to arguments in the motion, there was no clerical error made by the Court in its Memorandum Opinion and Order. The award made to Freeborn & Peters LLP was based on the initial amount actually recovered by the Trustee. That sum was paid into the estate by the appealing defendants, but only later repaid, in part, pursuant to the settlement.

The Movants contend that Freeborn & Peters LLP should have been allowed only $117,879.51 rather than $140,000 ($235,759.03 x .50 = $117,879.51). As a consequence, the Movants ask the Court to order Freeborn & Peters LLP to disgorge the extra $22,120.40 it mistakenly received.

The Trustee, in his response, states that the motion brought by the Movants is not yet ripe for determination by the Court until such time as the Trustee files his final report in this case. In its response to the motion at bar, Freeborn & Peters LLP states that it has been instrumental in compelling the satisfaction of a $3,000 judgment against the Debtor as a sanction for his failure to participate in discovery, and that it is involved in settlement negotiations regarding the Trustee's outstanding judgment against the Debtor's wife, Christine Eckert. As such, Freeborn & Peters LLP contends that this will result in a further application for fees for these services.

When the instant motion was presented, the Court asked the Trustee to respond thereto, and include in that pleading information relative to his anticipated outstanding fees, any other administrative expense claims of other parties such as his other attorneys and his accountants, and the current amount he was holding in the estate's account. The Court did not receive that critical information. It is therefore not prudent to presently evaluate the instant motion for a partial disgorgement of the allowed interim fees.

Case 05-54618    Doc 216    Filed 01/11/10    Entered 01/12/10 11:47:49    Desc Main
                    Document      Page 3 of 4

-3-

The Court will continue the motion until such time as the Trustee files his final report and account. At that time, the Court will be able to better determine if the Trustee and Freeborn & Peters LLP have collected on the other outstanding judgments related to this case for the benefit of the estate and the creditors. If Freeborn & Peters LLP has in fact performed further services that have resulted in additional recovery to the estate, it may be entitled to allowance of further fees and expenses.

Accordingly, the Court hereby continues the Movant's motion generally until the Trustee files his final report and account in this case.

**ENTERED:**

DATE: 1/11/10

John H. Squires
United States Bankruptcy Judge

cc:    See attached Service List

## SERVICE LIST

### In re: Jeffery Eckert
**Bankruptcy No. 05 B 54618**

Neal H. Levin, Esq.
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Il 60606

Jeffrey Eckert
371 W. Edgemont Lane
Park Ridge, IL 60068

David E. Grochocinski, Esq.
Grochocinski Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604

Jeffrey Eckert
255 Cuttriss Street
Park Ridge, IL 60068

Andrew Staes, Esq.
Staes & Scallan, P.C.
111 West Washington St., Suite 1631
Chicago, IL 60602

Jeffrey Eckert
1073 Union Court
Bartlett, IL 60103